IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE DRUHOT, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY | ) ) ) |
| Defendant. | ) ) ) |

## **COMPLAINT**

Now comes the Plaintiff, DENISE DRUHOT, by her attorneys, MARK D. DEBOFSKY and DEBOFSKY AND ASSOCIATES, P.C., and complaining against the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, she states:

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability ("LTD") insurance policy underwritten and administered by Reliance Standard Life Insurance Company ("Reliance"), for the benefit of employees and shareholders of the law firm of Brown, Hay & Stephens, LLP., in which Plaintiff was a member/partner at all times relevant hereto. Additionally, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

### *Nature of the Action*

4. This is a claim seeking recovery of disability benefits due under an employee welfare benefit plan. Disability benefits along with prejudgment interest are due under Policy No. LTD 116172, which was in full force and effect at all times relevant hereto, and insured employees and members/partners of Brown, Hay & Stephens LLP (a true and accurate copy of the Policy in effect at all times relevant hereto is attached hereto) ("the Policy"). The Policy was underwritten and administered by Reliance, which served in the dual and inherently contradictory role as claim administrator and claim payor. This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

### *The Parties*

5. Denise Druhot ("Druhot" or "Plaintiff") is and was at the time of benefit denial a resident of Springfield, Illinois. Druhot is currently 55 years old, having been born in 1960.

6. The Defendant, Reliance, was, at all times relevant hereto, doing business throughout the United States and within the Northern District of Illinois as its home office is listed as being located in Chicago, Illinois.

7. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). Incident to her status as a member/partners of Brown, Hay & Stephens, LLP., Druhot received coverage under the Policy as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing LTD Policy.

*Statement of Facts*

8. Denise Druhot was successfully employed as an attorney member/partner of Brown, Hay & Stephens on a full-time basis until January 2, 2015, at which point she became and has remained disabled due to an immune disorder, fibromyalgia, degenerative spine and disc disease, and other maladies that caused her to cease working on that date.

9. Prior to ceasing work, Druhot struggled with pain, fatigue, and other symptoms; and sought care and treatment locally and at the Mayo Clinic in an effort to better understand and manage her symptoms which were interfering with and ultimately prevented her from continuing to work.

10. After ceasing work, Druhot submitted a claim for long-term disability insurance benefits to Reliance; however, her claim was denied. Druhot then appealed from that denial, submitting additional medical records, reports, and test results that supported her claimed disability. The appeal was submitted pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.603-1. The appeal was also unsuccessful.

11. During the pendency of her claim to Reliance, Plaintiff submitted a claim to the Social Security Administration seeking disability benefits. That claim was approved in December 2015, concluding that Druhot was unable to perform "any substantial gainful activity," pursuant to the definition of "disability" under the Social Security Act. 42 U.S.C. § 423(d)(1)(A).

12. Following the Social Security approval, Druhot, through her attorney, submitted the Social Security determination and underlying evidence to Reliance, asserting that the Social Security definition of disability is more demanding than the definition of disability set forth in Reliance's policy; i.e.,

3

"Totally Disabled" and "Total Disability" mean, that as a result of an injury or Sickness: During the Elimination Period and thereafter an Insured cannot perform the material duties of his/her regular occupation;

   a. "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness as Insured is capable of performing the material duties of her/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period; and

   b. "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability.

The term "Regular Occupation" is defined in relevant part as "the occupation you are routinely performing when Total Disability begins."

13. Reliance's denial of benefits and the denial of Druhot's appeal was based on flawed reasoning and procedure since the evidence supported her claimed disability.

14. Reliance also fundamentally mischaracterized the medical evidence and issued a decision that was contrary to the medical evidence.

15. All pre-litigation appeals have now been fully exhausted; hence, this matter is ripe for judicial adjudication.

*Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

      C.      That the court order Defendant to continue paying Plaintiff benefits so long as she continues to meet the policy conditions for continuance of benefits,

      D.      That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and;

      E.      That Plaintiff be awarded any and all other relief to which she may be entitled, as well as the costs of suit.


February 9, 2016                                                            Respectfully Submitted,

                                                                                    /s/ *Mark D. DeBofsky*
                                                                                    One of the Plaintiff's Attorneys

Mark D. DeBofsky
DeBofsky & Associates, P.C.
200 West Madison St, Suite 2670
Chicago, IL 60606
(312) 235-4880 (phone)
(312) 929-0309 (fax)